*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT YARBROUGH, JR.,

        Defendant-Appellant.

UNPUBLISHED
August 19, 2025
2:20 PM

No. 370639
Wayne Circuit Court
LC No. 18-000425-01-FC

Before: MARIANI, P.J., and MURRAY and TREBILCOCK, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions[1] of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b; kidnapping, MCL 750.349; assault with a dangerous weapon (felonious assault), MCL 750.82; and assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 50 to 100 years' imprisonment for each CSC-I conviction and for the kidnapping conviction; 5 to 15 years' imprisonment for the felonious assault conviction; and 25 to 50 years' imprisonment for the AWIGBH conviction. We affirm.

## I. PROSECUTORIAL ERROR[2]

---

[1] Defendant appeals his convictions from his second trial. The Supreme Court reversed his original convictions and remanded for a new trial. *People v Yarbrough*, 511 Mich 252, 273; 999 NW2d 372 (2023).

[2] "Although we recognize that the phrase 'prosecutorial misconduct' has become a term of art in criminal appeals, we agree that the term 'misconduct' is more appropriately applied to those extreme—and thankfully rare—instances where a prosecutor's conduct violates the rules of professional conduct or constitutes illegal conduct." *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015). The challenges here are more properly characterized as prosecutor error. *Id*. at 88.

Defendant argues the prosecutor erred when she: (1) improperly vouched for the victim; (2) commented on defense counsel's honesty; (3) appealed to the jury's sympathy to secure a conviction; and (4) referenced evidence not in the record during closing argument. [3]

## A. PRESERVATION AND STANDARDS OF REVIEW

Issues of prosecutorial misconduct are "preserved by contemporaneous objections and requests for curative instructions." *People v Mullins*, 322 Mich App 151, 172; 911 NW2d 201 (2017) (quotation marks and citation omitted). Defendant objected to the prosecutor's remarks in her closing argument about evidence not in the record. As such, this issue is preserved. *Id*.

However, defendant did not object to the instances of improper vouching, the prosecutor's comment on defense counsel's truthfulness, or when the prosecutor allegedly appealed to the jury's sympathy. Accordingly, these issues are unpreserved. *Id*. While defendant objected to questions involving the victim's friend, Bonner, he did so on the grounds they were irrelevant. To preserve an issue of prosecutorial error, defendant must object to the misconduct and request curative instructions. *Id*. Defendant did not request a curative instruction for this issue, making it unpreserved. *Id*.

For the preserved issue, "[w]e generally review de novo claims of prosecutorial misconduct on a case-by-case basis, in the context of the issues raised at trial, to determine whether a defendant was denied a fair and impartial trial." *People v Fyda*, 288 Mich App 446, 460; 793 NW2d 712 (2010). "Because the challenged prosecutorial statements in this case were not preserved by contemporaneous objections and requests for curative instructions, appellate review is for outcome-determinative, plain error." *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003).

---

[3] While defendant raises this issue in his statement of issues presented, defendant failed to develop an argument for this issue. " 'An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.' " *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009), quoting *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Accordingly, we decline to address this issue. However, we note the prosecutor did not reference evidence not in the record in her closing argument.

## B. ANALYSIS

"Prosecutors are typically afforded great latitude regarding their arguments and conduct at trial." *Unger*, 278 Mich App at 236. "They are generally free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Id*. "Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007). "Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *Id*. at 63. "A defendant's opportunity for a fair trial can be jeopardized when the prosecutor interjects issues broader than the defendant's guilt or innocence." *Id*. at 63-64.

### 1. IMPROPER VOUCHING

Defendant argues that the prosecutor improperly vouched for the victim in her comments during the victim's testimony and Bonner's testimony. "Included in the list of improper prosecutorial commentary or questioning is the maxim that the prosecutor cannot vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness' truthfulness." *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995).

Because this issue is unpreserved, defendant must first demonstrate an error occurred. *Carines*, 460 Mich at 763. Defendant cites three comments made by the prosecutor during the victim's testimony as evidence of improper vouching. The first comment was made after the prosecutor played a recording of the victim's 911 call. Before asking her questions, the prosecutor stated: "I know this is very hard. I'm sorry. Are you okay for me to ask a couple questions?" The second comment was made after showing the victim a photograph of her injuries, taken during the rape kit examination. The prosecutor stated: "I know this is hard. I'm sorry." The last instance defendant cites was the prosecutor asking the victim at the conclusion of her testimony: "What is the most difficult part of this here?" With respect to Bonner's testimony, defendant cites the prosecutor inquiring about Bonner's desire to testify, and Bonner explaining that she was a victim of sexual assault and did not want to lose another friend.

Improper vouching occurs when a prosecutor uses special knowledge to bolster a witness's credibility. *Bahoda*, 448 Mich at 276. Defendant argues the tenor of the prosecutor's questions "implied special knowledge and personal belief in the [victim's] story" and that the prosecution's expression that she "knew" how difficult it was to testify demonstrates the prosecutor believed the victim and knew the victim was telling the truth. Defendant's argument fails to address the context of the prosecutor's comments and the procedural history of the case. *Dobek*, 274 Mich App at 64.

We disagree with defendant's argument that the prosecutor's use of "know" in her comment suggests a belief in the victim's story. The record instead indicates that the prosecutor was responding to the distress the victim was under for having to review graphic evidence and provide her version of the assault for a second time. Additionally, defendant's argument assumes the prosecutor's use of the word "know" presumes the prosecutor's intent. In context it is clear

the prosecutor was referring to her knowledge that testifying under the conditions at trial was difficult.[4]

Also of concern to defendant is the prosecution's line of questioning concerning Bonner's sexual assault as evidence the prosecutor believed the victim's story and used Bonner to vouch for the victim. Even if defendant is correct that the prosecutor's questions were in error, the comments do not amount to improper vouching. A review of the prosecutor's line of questioning does not establish she relied on special knowledge to vouch for the victim's testimony. Rather, Bonner's testimony corroborated the victim's version of events. Bonner agreed the victim met with defendant to collect money defendant owed. Bonner corroborated the police officer's initial observations of the victim, because Bonner also observed the victim as panicked and noticed the victim's injuries. Defendant fails to address how Bonner's testimony of her sexual assault amounted to "special knowledge concerning a witness' truthfulness." *Bahoda*, 448 Mich at 276. Although defendant argues the prosecutor proceeded with her line of questions to establish Bonner's belief in the victim's version of events, the trial court sustained defendant's objection on the ground Bonner's testimony was irrelevant. However, defendant never requested an instruction regarding improper vouching.

Given the procedural circumstances of the case and the context of the prosecutor's comments, the prosecutor did not improperly vouch for the victim. The prosecutor's comments did not convey or imply she had special knowledge of the victim's truthfulness. Rather, context demonstrates the prosecutor made the comments after presenting evidence of the victim's assault. Because the prosecutor did not improperly vouch for the victim, there is no error. As such, defendant forfeits this issue. See *Carines*, 460 Mich at 763.

Defendant relies on *People v Humphreys*, 24 Mich App 411; 180 NW2d 328 (1970), for support. However, *Humphreys* is distinguishable. In *Humphreys*, 24 Mich App at 418, the prosecutor directly commented on the defendant's guilt, while here the prosecutor never mentioned defendant in the comments she made to the victim. Additionally, the prosecutor's remark in *Humphreys* indicated he was aware of evidence determinative of the defendant's guilt, while the prosecutor's comments here failed to suggest she was relying on special knowledge of the victim's truthfulness.

Even if defendant established the prosecutor's comments amounted to improper vouching, defendant has not shown they affected the outcome of his trial given the ample evidence to support his convictions. *Carines*, 460 Mich at 763. In addition, "[r]eversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Callon*, 256 Mich App at 329. While defendant contends this case was ultimately a credibility question, this was not a battle between two witnesses. The victim provided her version of the events, and her testimony was corroborated

---

[4] Defendant also cites the prosecutor asking the victim what was the most difficult part of the trial process as evidence of improper vouching. However the question on its face does not appear to demonstrate the prosecutor had special knowledge of the victim's truthfulness.

by Bonner, certain officers, and the physical and DNA evidence. As such, even if the prosecutor's comments were erroneous, defendant cannot establish prejudice under the third requirement of plain-error review, or entitlement to relief under the fourth.

## 2. COMMENTING ON DEFENSE COUNSEL'S HONESTY

Defendant also argues the prosecutor erred in her closing argument by arguing defense counsel knew defendant was guilty. Because this issue is unpreserved, defendant must first demonstrate an error occurred, and then that it was both plain and worthy of relief. *Carines*, 460 Mich at 763.

While prosecutors are "afforded great latitude regarding their arguments and conduct at trial," a prosecutor "may not suggest that defense counsel is intentionally attempting to mislead the jury." *Unger*, 278 Mich App at 236 (quotation marks and citation omitted). In her rebuttal closing argument, the prosecutor stated that defense counsel, "in his opening statement, said that there's going to be inconsistencies" but that counsel was "not really sure what they are at that point because he doesn't know what story the Defendant is going to maybe testify to if they put on a case." It appears that the prosecutor was referring to defense counsel's statement during opening statements that he would "be pointing at a lot of holes where there's a lack of evidence," although the record does not make as much perfectly clear. In any event, while the prosecutor's comments certainly insinuated that any testimony from defendant would have reliability issues and defense counsel knew as much, we do not read the comments as suggesting that defense counsel knew defendant would lie in his testimony at trial or that counsel was "intentionally attempting to mislead the jury." *Id.* (quotation marks and citation omitted). Correspondingly, defendant's reliance on *People v Dalessandro*, 165 Mich App 569, 579; 419 NW2d 609 (1988), is not persuasive, as in that case the prosecutor stated defense counsel was lying and the defense he put forward was a "sham meant to mislead" the jury. The prosecutor's comments here did not go so far, and defendant has failed to show they amounted to plain error. *Carines*, 460 Mich at 763.

Furthermore, to the extent there was any impropriety in the prosecutor's comments, defendant has not shown entitlement to relief on that basis. That defendant had been inconsistent in his version of events—which was the thrust of the prosecutor's comments—was addressed at trial, and in closing arguments, defense counsel directly acknowledged the matter and explained why it did not undermine defendant's credibility or prove his guilt. There is nothing to indicate that a curative instruction would have been insufficient to cure any remaining prejudice, *Unger*, 278 Mich App at 235, or that any such prejudice may have affected the outcome, given (as elsewhere summarized) the ample evidence of defendant's guilt, *Carines*, 460 Mich at 763.

## 3. APPEAL TO SYMPATHY

Defendant also has not shown entitlement to relief on his claim that the prosecutor improperly appealed to the jury's sympathy to secure a conviction. "Appeals to the jury to sympathize with the victim constitute improper argument." *People v Watson*, 245 Mich App 572, 591; 629 NW2d 411 (2001). "The prosecutor may not inject issues into a trial that are broader than the defendant's guilt or innocence." *People v Lane*, 308 Mich App 38, 66; 862 NW2d 446 (2014). "The prosecutor commits misconduct when he or she invites jurors to suspend their powers of judgment and decide the case on the basis of sympathy or civic duty." *Id.*

According to defendant, the prosecutor's appeal to the jury's emotions was a "touchstone of the trial." However, defendant cites the same comments he used to support improper vouching as evidence the prosecutor appealed to the jury's sympathy. This argument is not persuasive. The prosecutor apologized to the victim twice. Once after introducing the victim's 911 call and the other when she introduced photographs from her rape kit. After the 911 call was played, the prosecutor stated: "I know this is very hard. I'm sorry. Are you okay for me to ask a couple questions?" The second comment was made after the prosecutor asked the victim to confirm the photograph of the victim taken during her rape kit. In these two instances, the prosecutor was inquiring into her witness's ability to proceed after presenting evidence of the victim's assault. In both instances, the victim testified about the evidence the prosecutor presented. In context, the prosecutor's comments did not appeal to the jury's sympathy. Rather, the prosecutor's comments were benign inquiries about the victim's ability to continue after reviewing evidence of her assault. Further, the trial court instructed the jury that the attorney's questions to witnesses were not evidence. The trial court's instructions are presumed to cure most prosecutorial errors. *Unger*, 278 Mich App at 235. As such, defendant failed to establish an error occurred. *Carines*, 460 Mich at 763.

Defendant does, however, also cite the prosecutor's comment at the end of the victim's testimony as evidence of an improper appeal to the jury's sympathy. Specifically, the prosecutor asked the victim what was the most difficult part of the trial process. The victim responded the whole trial was difficult and stated: "Just going . . . through it period, going through it, you know. It's not a good feeling. It's not a good feeling at all." While the victim suffered a tragedy, her difficulty with participating in the trial was irrelevant to defendant's guilt, and the prosecutor erred by presenting this testimony to the jury as it could allow the jury "to suspend their powers of judgment and decide the case on the basis of sympathy." *Lane*, 308 Mich App at 66.

Nonetheless, in making this argument, defendant fails to address the plain and prejudice prongs of plain-error analysis. *Carines*, 460 Mich at 763. And, as we previously concluded, defendant is unable to demonstrate prejudice given the evidence presented at trial. The victim's version of the events was corroborated by other witnesses, like Herndon and Bonner, and physical evidence, such as the DNA evidence and hammer found at the scene. Additionally, defendant's version of events was uncorroborated. While there was an error, defendant failed to demonstrate the error was prejudicial.

Lastly, defendant cites Bonner's testimony regarding her experience of sexual assault as additional evidence of an appeal to the jury's sympathy. Bonner's prior sexual assault was irrelevant and it injected an issue unrelated to defendant's innocence or guilt. Accordingly, the prosecutor improperly appealed to the jury's sympathy. *Lane*, 308 Mich App at 66. But as just noted, defendant is unable to demonstrate prejudice given the evidence presented at trial, and the lack of evidence supporting his version of events. Further, the trial court instructed the jury to "not let sympathy, bias or prejudice influence your decision." Curative instructions are presumed to remedy most prosecutorial errors. *Unger*, 278 Mich App at 235. As such, there was no prejudicial error warranting reversal. See *Callon*, 256 Mich App at 329.

Affirmed.

/s/ Philip P. Mariani
/s/ Christopher M. Murray
/s/ Christopher M. Trebilcock